**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    SAN JOSE DIVISION

10   KENNETH P. TOPKA, Ph.D,                          CASE NO. 5:13-cv-01283 EJD

11                                                    **ORDER DENYING PLAINTIFF'S**
                    Plaintiff(s),                     **MOTION TO REMAND**
12       v.

13   THE SETI INSTITUTE,                              [Docket Item No(s). 13]

14

15              Defendant(s).
                                              /

16                    **I.    INTRODUCTION**

17        Plaintiff Kenneth P. Topka, Ph.D. ("Plaintiff") was employed by Defendant The SETI

18   Institute as a Scientific Programmer but was ultimately terminated on October 1, 2007. See Not. of

19   Removal, Docket Item No. 1, at Ex. A.  In 2009, he filed a wrongful termination Complaint against

20   Defendant in Santa Clara County Superior Court, asserting causes of action under California

21   employment and tort law. Id.

22        On March 12, 2013 - less than one month before the scheduled trial date - the state court

23   filed an order allowing Plaintiff leave to assert additional causes of action. Id. at Ex. F.  As a result,

24   Plaintiff filed the Second Amended Complaint ("SAC") which included, for the first time, three

25   claims under the Americans With Disabilities Act ("ADA"). Id. at Ex. E.  Based on these new

26   federal claims, Defendant removed the action to this court on March 21, 2013, pursuant to 28 U.S.C.

27   § 1441(a).

28        Presently before the court is Plaintiff's motion to remand, which the court finds suitable for

                                              1

1   decision without oral argument pursuant to Civil Local Rule 7-1(b).  See Docket Item No. 13.  The

2   hearing scheduled for June 28, 2013, will therefore be vacated.  Since Plaintiff's arguments in favor

3   of remand are unconvincing, the motion will be denied for the reasons explained below.

## II.   LEGAL STANDARD

5          Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592

6   F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

7   from the statutory authorization of Congress.").  Only those state court actions that could have been

8   originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise

9   expressly provided by Act of Congress, any civil action brought in a State court of which the district

10  courts of the United States have original jurisdiction, may be removed by the defendant."); see also

11  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally

12  could have been filed in federal court may be removed to federal court by defendant.").

13  Accordingly, the removal statute provides two basic ways in which a state court action may be

14  removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens

15  of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1441(a), (b);

16  1332(a).

17         When, as here, removal is based on the presence of a federal question, the court looks to the

18  face of a well-pleaded complaint to determine whether a cause of action is created by federal law or

19  whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question

20  of federal law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing

21  Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  "[I]t

22  must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."

23  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint as it existed at time of

24  removal dictates whether removal jurisdiction is proper.  Libhart, 592 F.2d at 1065.

25         On a motion to remand, it is the removing defendant's burden to establish federal

26  jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.  Gaus

27  v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal

28  jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

<div style="text-align: left">

**United States District Court**
For the Northern District of California

</div>

2

CASE NO. 5:13-cv-01283 EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

1    "Where doubt regarding the right to removal exists, a case should be remanded to state court."

2    Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

3                                        **III.    DISCUSSION**

4          As a preliminary matter, the court must decide whether the currently operative pleading

5    supports federal jurisdiction.  To do so, the court construes the SAC filed in state court shortly

6    before removal to determine if any of Plaintiff's causes of action are created by or depend on

7    resolution of a substantial question arising under federal law.  See Christianson, 486 U.S. at 808.

8    Defendant contends the SAC supports jurisdiction in this court because Plaintiff added ADA claims

9    in addition to the state law claims previously asserted.  Since Plaintiff has asserted three stand-alone

10   claims under a federal statute, the court must agree.  See Armstrong v. N. Mariana Islands, 576 F.3d

11   950, 955-956 (9th Cir. 2009) (holding that federal question jurisdiction exists when "a well-pleaded

12   complaint establishes either that . . . federal law creates the cause of action.").  Defendant has

13   therefore met its burden to establish a basis for federal jurisdiction.

14         Plaintiff implicitly recognizes that he has plead claims under a federal statute, but makes a

15   series of arguments in favor of a state-court forum.  Plaintiff first contends that the ADA claims

16   merely parallel his state law claims and were only added as a safety measure after Defendant

17   notified him that it would raise a defense based on the federal enclave doctrine.  See Paul v. United

18   States, 371 U.S. 245, 264 (1963) (explaining that federal law, not state law, applies to federal

19   enclaves).  Plaintiff's underlying motivation for adding federal claims does not change the fact that

20   the SAC raises a federal question on its face.  Indeed, "[a]s the master of the complaint, a plaintiff

21   may defeat removal by choosing not to plead independent federal claims."  ARCO Envtl.

22   Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000).  This

23   means that Plaintiff could have proceeded solely with the state law claims and precluded the

24   removal since an anticipated federal defense does not create federal jurisdiction.  See Hunter v.

25   Philip Morris USA, 582 F.3d 1039, 1042-43 (2009).  Instead, Plaintiff chose to amend the SAC and

26

27

28

United States District Court

For the Northern District of California

3

CASE NO. 5:13-cv-01283 EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

United States District Court

For the Northern District of California

1  assert claims based in federal law, thereby creating a basis for federal jurisdiction.[1]

2       Plaintiff further contends that Defendant should have raised the federal enclave defense

3  sooner rather than waiting until shortly before the case was to proceed to trial in state court.  As

4  noted, however, the federal defense did not trigger the possibility of removal; it was Plaintiff's

5  amendment to the complaint that did so.  The propriety of any particular litigation strategy aside, the

6  timing of the defense is irrelevant to this jurisdictional inquiry.  Moreover, Plaintiff's complaints of

7  prejudice due to removal at a late stage in the case are untenable considering it was his own pleading

8  that created this result.

9       In a related argument, Plaintiff also asserts that Defendant waived its right to removal by

10 extensively participating in the litigation while it was before the state court.  It is true that a waiver

11 of removal can be found under circumstances.  See Calif. Republican Party v. Mercier, 652 F. Supp.

12 928, 931 (C.D. Cal. 1986) ("It is well established that a defendant can make such affirmative use of

13 the processes of a state court as to constitute waiver or estoppel of any right to remove to federal

14 court.").  But it is equally true that "[a]cts before removability becomes apparent cannot waive

15 removability."  Id. at 932 n. 3.  Here, this action did not become removable until Plaintiff amended

16 the complaint in March, 2013.  See Libhart, 592 F.2d at 1065.  Defendant removed shortly thereafter

17 and Plaintiff has not cited any activity occurring within the short pre-removal timeframe that could

18 constitute a waiver.  Waiver cannot be found just because Defendant litigated this action in the only

19 forum available to it at the time.

20       Plaintiff's argument based on judicial estoppel fares no better.  "[J]udicial estoppel,

21 'generally prevents a party from prevailing in one phase of a case on an argument and then relying

22 on a contradictory argument to prevail in another phase.'"  New Hampshire v. Maine, 532 U.S. 742,

23 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000)).  Assuming this equitable

24 doctrine can be applied to questions of subject matter jurisdiction, it simply cannot be said that

25 Defendant has taken inconsistent positions on that issue.  Until Plaintiff filed the SAC, Defendant

26

27

28      [1] Similarly, Defendant need not prove-up a federal enclave defense in order to justify
removal because federal question jurisdiction arises from Plaintiff's claims, not from Defendant's
defenses.  See Hunter, 582 F.3d at 1042-43.

4

CASE NO. 5:13-cv-01283 EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

<div style="writing-mode: vertical">**United States District Court** For the Northern District of California</div>

1  had no choice but to proceed in state court.  It then removed the action when that option became

2  available.  Although moving to federal court may be inconvenient to Plaintiff, it is not unfair such

3  that judicial estoppel is warranted.  See id. at 750 (identifying "unfair advantage" or "unfair

4  detriment" as relevant to the determination of whether judicial estoppel should be applied).

5  Finally, Plaintiff conflates the authority that applies to claims *created* by federal law with

6  that which applies to state law claims that simply *invoke* federal law.  As explained above, the

7  former category of claims supports federal jurisdiction.  See Armstrong, 576 F.3d 955-956.  The

8  latter category may not.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S.

9  308, 314 (2005).  The recently-asserted ADA claims clearly fall within the former category since

10  they are created by federal law.

### IV.    ORDER

12  Based on the foregoing, Plaintiff's Motion to Remand is DENIED.  The hearing scheduled

13  for June 28, 2013, is VACATED.

14  **IT IS SO ORDERED.**

16  Dated:  June 18, 2013



EDWARD J. DAVILA
United States District Judge

5

CASE NO. 5:13-cv-01283 EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND